UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MELVIN ENG, ANTONIO MENDOZA and
VIRAK RIEM, on behalf of themselves and
other employees similarly situated,

      Plaintiffs,

    v.

ARGSOFT CONSULTANTS, INC.,

      Defendant.

---

11 Civ. 2180 (LBS) (MHD)

**MEMORANDUM
& ORDER**

SAND, J.

    Melvin Eng ("Eng"), Antonio Mendoza ("Mendoza"), and Virak Riem ("Riem") bring the above-captioned action on behalf of themselves and a putative class of similarly situated persons ("Plaintiffs") who were—and continue to be—employed by Argsoft Consultants, Inc. ("Defendant"). Plaintiffs allege that Defendant failed to pay them overtime, in violation of various provisions of (i) the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (ii) the New York Labor Law ("NYLL") §§ 190 *et seq.*, §§ 650 *et seq.*; and (iii) the California Labor Code ("CLC") §§ 510, 1194. Defendants have moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint for (1) failure to state a claim for which relief can be granted and (2) the untimeliness of Plaintiffs' Amended Complaint.

    For the following reasons Defendant's motion is denied.

**I. Background**

    Eng and Mendoza were employed as "inside sales managers" in Defendant's Manhattan office. Am. Compl. ¶ 12. Riem was employed as a "field engineer" in Defendant's California office. *Id.* ¶ 18. Eng and Mendoza, as "inside sales managers," were tasked with selling

1

Defendant's software, while Riem, as a "filed engineer," provided engineering support to Defendant's prospective and current customers.  *Id.* ¶¶ 12, 19.

In a Complaint dated March 30, 2011, Plaintiffs alleged, *inter alia*, that they—and those similarly situated—"regularly worked in excess of forty (40) hours per workweek" without receiving overtime, Compl. ¶¶ 31–32, in violation of various provisions of the FLSA, NYLL, and CLC.  *Id.* 33–41.  Eng and Mendoza further alleged that Defendant failed to pay them an additional hour of minimum wage, as required by 12 NYCRR § 142-2.4.  *Id.* ¶¶ 42–45.  On May 17, 2011, Defendant moved to dismiss the Complaint for failure to state a claim.  Plaintiffs subsequently amended the Complaint to omit the NYCRR claim and to more fully flesh out the factual basis for their claims.  They filed the Amended Complaint electronically on June 7, 2011 and served it on June 10, 2011.  On June 27, 2011, Defendant once again moved to dismiss the suit, asserting that Plaintiffs' Amended Complaint was untimely and that, regardless, Plaintiffs had failed to state a claim.

## II. Standard of Review

On a motion to dismiss, a court reviewing a complaint will consider all material factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Lee v. Bankers Trust Co.*, 166 F.3d 540, 543 (2d Cir. 1999).  "To survive dismissal, the plaintiff must provide the grounds upon which his claims rests through 'factual allegations sufficient to raise a right to relief above the speculative level.'"  *ATSI Commc'ns Inc. v. The Shar Fund, Ltd.*, 493 F.3d 87, 93 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Rather, the plaintiff's complaint must include "enough facts to state a claim of relief that is plausible on its face."  *Id.* at 1940 (citing

*Twombly*, 550 U.S. at 570). Plausibility, in turn, requires that the allegations in the complaint "raise a reasonable expectation that discovery will reveal evidence" in support of the claim. *Twombly*, 550 U.S. at 556.

### III. Discussion

#### A. Failure to State a Claim

Defendant contends that Plaintiffs' Amended Complaint pleads too few facts to survive a motion to dismiss. Mem. Supp. Def.'s Mot. Dismiss Pls.' Am. Compl. at 4. Defendant cites *Nichols v. Mahoney*, 608 F. Supp. 2d 526, 547 (S.D.N.Y. 2009), for the proposition that a complaint will survive a motion to dismiss only if it "at least approximately, allege[s] the hours worked, for which wages were not received." *Id.* We agree that this is the standard, but we disagree with Defendant's claim that Plaintiffs have not satisfied it. Plaintiffs' Complaint references the FLAS, thereby giving Defendant notice of the underlying legal theory, and it states that Plaintiffs "regularly worked a minimum of … between nine and eleven hours per day," thereby pleading that they worked between 5 and 15 hours of overtime per week. Am. Compl. ¶ 14. Additionally, in further satisfaction of *Nichols*, Plaintiffs allege that they were former employees of Defendant, describe the type of work that they were tasked to perform, and describe how long they were in Defendant's employ. *Id.* ¶¶ 6, 7, 8, 12, 19. This is more than enough. Defendant's claim is without merit.

#### B. Timeliness

Defendant asserts that Plaintiffs' Amended Complaint should not be granted "as a matter of course" because it was untimely. Mem. Supp. Def.'s Mot. Dismiss Pls.' Am. Compl. at 3–4. Defendant claims that Plaintiffs failed to file and serve the Amended Complaint by the due date, June 7, 2011, while Plaintiffs argue that they filed the Amended Complaint on ECF within the

proper time and sent Defendant a copy by electronic mail as well. There is, however, no need to resolve these disputed facts because even if the Amended Complaint were in fact untimely, there is no "undue delay, bad faith, futility of the amendment, and ... resulting prejudice to the opposing party" that would preclude our granting Plaintiffs leave to amend under Fed. R. Civ. P. 15(a)(2). *State Teachers Ret. Bd. v. Fluor Corp.*, 645 F.2d 843, 856 (2d Cir. 1981). Three days is hardly undue and Defendants have not presented evidence that the delay was the product of bad faith. *Block v. First Bloods Assocs.*, 998 F.2d 344, 350 (2d Cir 1993). Nor is there a significant likelihood that Plaintiffs' Amended Complaint will prejudice Defendant by "(i) requi[ring] [Defendant] to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay[ing] the resolution of the dispute; or (iii) prevent[ing] the plaintiff from bringing a timely action in another jurisdiction." *Id.* at 350. Finally, a claim is deemed futile if the "proposed pleading would not withstand a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure." *Oneida Indian Nation of New York v. City of Sherill*, 337 F.3d 139, 168 (2d Cir. 2007). Plaintiffs' claim, we reiterate, is not futile. *See* III.A., *supra*.

Fed. R. Civ. P. 15(a)(2) allows a court to "freely give leave when[, as here,] justice so requires." Defendant's claim is without merit.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is denied.

**SO ORDERED.**

Dated: October 17, 2011
New York, NY

_____
U.S.D.J.